IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:07cr145-MHT |
| | ) | (WO) |
| **WILLIAM BOLDING** | ) | |

## OPINION AND ORDER

This cause is before the court on defendant William Bolding's additional motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for January 5, 2009, should be continued.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

>officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance "resulting from the fact that the defendant is ... physically unable to stand trial," § 3161(h)(4), as well as any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bolding in a speedy trial. Bolding has informed the court that, on December 3, 2007, medical professionals at the Veterans Administration Medical Hospital in Montgomery, Alabama, diagnosed him

with Stage IV Non-Hodgkin's Lymphoma.  Bolding's medical treatment is inducing severe side-effects, including pain, vomiting, sores and a weakened immune system.  A continuance is therefore warranted to enable Bolding to undergo further medical treatment, and overcome the side-effects of that treatment.  In addition, Bolding has developed congestive heart failure and was recently hospitalized for pneumonia.  In light of the foregoing medical conditions, Bolding's doctors believe that he cannot withstand the rigors of a trial at this time.  This court's decision is buttressed by the fact that the government does not oppose the continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant William Bolding's motion for continuance (Doc. No. 158) is granted.

(2) Defendant Bolding's jury selection and trial, now set for January 5, 2009, are reset for July 20, 2009, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 16th day of December, 2008.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**