IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr145-MHT |
| WILLIAM BOLDING | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant William Bolding's additional motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for October 26, 2009, should be continued.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance "resulting from the fact that the defendant is ... physically unable to stand trial," § 3161(h)(4), as well as any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bolding in a speedy trial. On December 3, 2007, Bolding was diagnosed with Stage IV, Non-Hodkins Lymphoma. Since that time, he has undergone

regular chemotherapy treatments and blood transfusions. Bolding's cancer now appears to be remission, but he continues to see an oncologist at the VA Medical Center in Atlanta, Georgia, to ensure early detection if his cancer reappears. His next scheduled visit to his oncologist is October 22 and 23, 2009.

Bolding has also developed congestive heart failure and is under the care of a cardiologist. His doctor indicates that Bolding suffers from severe dilated cardiomyopathy (DCM) and that heart failure is a common effect of DCM, especially when situations of stress cause an increase in blood pressure.

In light of the foregoing medical conditions, Bolding's doctors believe that he cannot withstand the rigors of a trial at this time. A continuance is therefore warranted to enable Bolding to undergo further medical treatment. This court's decision is buttressed by the fact that the government does not oppose the continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant William Bolding's motion for continuance (Doc. No. 170) is granted.

(2) Defendant Bolding's jury selection and trial, now set for October 26, 2009, are reset for June 7, 2010, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 20th day of October, 2009.

                               /s/ Myron H. Thompson  
                              UNITED STATES DISTRICT JUDGE